UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MANO, personal
representative of the estate of
Stanley A. Dziengelewski,

       Plaintiff,                       CASE NUMBER: 07-11057
                                                     HONORABLE VICTORIA A. ROBERTS

v.

CITY OF DETROIT, ARLIE J. LOVIER
JOHN DOE, and HARRY DOE,

       Defendants.
_____/

## ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant City of Detroit's Motion to Dismiss in Lieu of Answer. For the following reasons, the Court **GRANTS** Defendant's motion.

### II. BACKGROUND

Kenneth Mano ("Plaintiff"), as the representative of his deceased uncle Stanley A. Dziengelewski's ("Stanley") estate, filed suit in state court to recover funds allegedly stolen from Stanley's home during a homicide investigation.

On March 14, 2005, Plaintiff, with the assistance of Detroit Police Officers, discovered his uncle dead in his home. According to Plaintiff, his uncle was known to keep large amounts of cash in his home. While searching the home for evidence related to Stanley's death, officers found a tupperware bowl containing cash, which Plaintiff estimates was in excess of $24,000.00. Plaintiff says he witnessed a homicide detective, Arlie Lovier ("Lovier"), take the tupperware bowl. When the money was

turned into the Detroit Police Department ("DPD"), the DPD indicated the amount was only $12,300.00. Based on the disparity in the amount, Plaintiff alleges that Lovier stole the remaining $11,700.00. Plaintiff further claims that Lieutenant Vertin had him sign a receipt acknowledging the funds were in possession of the DPD.[1] Plaintiff also claims he called Lieutenant Vertin several times requesting the funds. Plaintiff alleges Vertin told him to stop bothering her and to "fool with" the legal department. The City of Detroit ("Defendant") and Lieutenant Vertin, however, deny that Plaintiff signed a receipt or that the DPD has the $12,300.00.

Plaintiff sued in state court for unlawful conversion and violation of the Michigan Freedom of Information Act. Defendant filed a partial motion for summary judgment based on governmental immunity. On February 16, 2007, the Wayne County Circuit Court entered an Order granting Defendant's motion. The Court dismissed the conversion claim but allowed Plaintiff to file an amended complaint claiming a Fourteenth Amendment violation. Defendant removed the case to this Court and requests dismissal under FED. R. CIV. P. 12(b)(6). Defendant filed its motion to dismiss on March 15, 2007; Plaintiff has not responded.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. FED. R. CIV. P. 12(b)(6). In determining whether Plaintiff fails to state a claim, the Court must construe his complaint in a light most favorable to him, accept all factual allegations as true and determine whether the Plaintiff undoubtedly can prove no set of facts in support of his

---

[1] Plaintiff does not attach the receipt to his complaint.

claims that would entitle him to relief. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). However, "to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

## IV.    APPLICABLE LAW AND ANALYSIS

### A.    CUSTOM OR POLICY

Plaintiff asserts that Defendant's seizure and subsequent retention of $12,300.00 violates his Fourteenth Amendment Due Process Right under the United States Constitution. The graveman of Defendant's argument for dismissal is that Plaintiff's failure to plead a violation of 42 U.S.C. § 1983 precludes a cause of action arising directly under the Constitution. Further, Defendant argues that if the Court allowed Plaintiff to amend his complaint to include a § 1983 claim, the amendment would be futile because: (1) as a municipality it may not be held liable for employee tort actions, unless its policy or custom is the moving force behind a constitutional violation; and (2) Plaintiff fails to allege that adequate state remedies are unavailable.

Plaintiff's Fourteenth Amendment claim arises under 42 U.S.C. § 1983. Section 1983 encompasses the "deprivation of any rights, privileges, or immunities secured by the Constitution . . .." *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), vacated on other grounds, 488 U.S. 1036 (1989). "The Supreme Court has never recognized a cause of action arising directly under the Constitution where § 1983 was an available remedy." *Id.* at 500. Therefore, "where a plaintiff states a constitutional claim under 42 U.S.C § 1983, that statute is the exclusive remedy." *Id.* at 499. In *Thomas*, the Court noted that "it is unnecessary and needlessly redundant to apply a cause of action

arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Id.*

It appears that this case against Defendant should have been brought as a § 1983 action. *See Jordan v. Moore*, 205 F.3d 1340 (6th Cir. 2000)(noting that the district court properly construed complaint as filed under § 1983, rather than directly under the Fourth Amendment); *see also Saunders v. Prentice-Hall Corp.*, 178 F.3d 1296, Fn.2 (6th Cir. 1999)("This Circuit has held that Constitutional violations by state officials are not cognizable directly under the Constitution . . ..").

Recognizing that in order to remedy this defect Plaintiff would only need to amend his complaint, Defendant requests the Court to find that amending the complaint would be futile because Plaintiff's claim – even construed as a § 1983 action – fails to allege that a policy or custom was the moving force behind the alleged constitutional violation and that there are inadequate state court remedies.

In *Monell v. New York City Dept. Social Services*, 436 U.S. 658 (1978), the Supreme Court concluded that the plain language of § 1983 imposes liability on a governmental entity that, under the color of some official policy or custom, causes an employee to violate another's constitutional rights. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Here, Defendant maintains that Plaintiff fails to identify a policy or custom of the DPD that causes or encourages an officer to illegally confiscate money seized during an investigation (assuming this occurred). Yet, Plaintiff's allegations against Defendant concern Defendant's failure to return the money, rather than liability for Lovier unlawfully taking the money. This distinction, however, does not

4

inure to Plaintiff's benefit because he still fails to identify a custom or policy that is the moving force behind Defendant's failure to return the money. This gap in Plaintiff's Complaint is fatal to his claim.

### B. ADEQUATE REMEDIES IN STATE COURT

Even if Plaintiff's Compliant did not suffer this failure to allege under § 1983 deficiency, it is otherwise deficient and must be dismissed.

Plaintiff does plead facts sufficient to demonstrate a deprivation of property without due process. Therefore, the Court must consider whether his claim is subject to the pleading requirements articulated by the Supreme Court. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981); *see also Hudson v. Palmer*, 468 U.S. 517 (1984). In *Parratt*, the Supreme Court held that a plaintiff claiming deprivation of property resulting from random, unauthorized acts of a state employee must plead and prove that his state court remedies are inadequate to state a violation of the Due Process Clause of the Fourteenth Amendment. *Id.*; *see Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983); *see also Mitchell v. Frankhauser*, 375 F.3d 477, 483 (6th Cir. 2004)("In this Circuit, a § 1983 plaintiff may prevail on a procedural due process claim by . . . proving that the defendants deprived him of property pursuant to a 'random and unauthorized act' and that available state remedies would not adequately compensate for the loss."). As Defendant points out, Plaintiff may not prevail on this claim because he fails to show that there are no adequate state remedies to address his alleged deprivation.

The Sixth Circuit in *Vicory* held that the plaintiff at the pleading stage is required to "attack the state's corrective procedure as well as substantive wrong." *Id.* at 1066. Without explicitly saying so, Plaintiff's Amended Complaint sets forth a claim for

5

conversion – that is, he alleges that Defendant misappropriated funds belonging to Stanley. This claim is not protected by any specific constitutional provision or federal law other than the Fourteenth Amendment Due Process Clause. And, Plaintiff does not allege that he is unable to sue in replevin for recovery or pursue a common law conversion action for damages. Although the Court notes that Plaintiff's conversion claim was dismissed by the state court,[2] Plaintiff makes no allegations of inadequate state remedies and thereby fails to attack the available "corrective procedures" under Michigan law.

"If [Michigan] law has procedures adequate to consider the claim for damages for the asserted violation, there is no procedural due process violation." *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Further, "[a]llowing . . . [P]laintiff . . . to invoke section 1983 in the absence of showing that state remedies are deficient would 'make of the fourteenth amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" *Vicory,* 721 F.2d at 1064 (quoting *Parratt*, 451 U.S. at 544).

Therefore, Plaintiff's complaint fails to not only allege a § 1983 violation but also fails to set forth facts – an unconstitutional state custom or policy or the inadequacy of state court remedies – sufficient to constitute an actionable claim under 42 U.S.C. §

---

[2]When a case is removed from state court to federal court, the law of the case doctrine preserves any prior rulings by the state court in the case. *See Equal Employment Opportunity Comm'n v. United Assoc. of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada, Local No. 120*, 235 F.3d 244, 249 & n. 1 (6th Cir. 2000)( "The law of the case doctrine applies with equal vigor to the decisions of a coordinate court in the same case and to a court's own decisions.").

1983. As a consequence, the Court dismisses Plaintiff's Fourteenth Amendment Claim and declines to exercise supplemental jurisdiction over Plaintiff's Michigan Freedom of Information Act Claim pursuant to 28 U.S.C. § 1367(c). Plaintiff's Complaint is dismissed in accordance with FED. R. CIV. P. 12(b)(6).

## V. CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED**.

<u>S/Victoria A. Roberts</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated: May 15, 2007**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 15, 2007.**
>
> **S/Carol A. Pinegar**
> **Deputy Clerk**